IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01948-BNB

HORACIO ARRAZ SAENZ,

    Applicant,

v.

RICHARD SMELSER, Warden at CCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Horacio Arraz Saenz, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Crowley County

Correctional Facility in Olney Springs, Colorado. On August 17, 2009, Mr. Saenz filed

***pro se*** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has

been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915.

On September 1, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to

file within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A). On September 21, 2009, Respondents filed

their pre-answer response. Mr. Saenz has not filed a reply to the pre-answer response,

although he was given the opportunity to do so.

The Court must construe liberally Mr. Saenz's filings because he is not

represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v.***

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action without prejudice.

Mr. Saenz was convicted in Denver District Court case number 83CR1095 on two counts of first-degree murder and one-count of conspiracy to commit first-degree murder. He was sentenced to two consecutive life sentences for the murders and to a concurrent twelve-year sentence for the conspiracy. On June 6, 1985, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Saenz*, 84CA0359 (Colo. Ct. App. June 6, 1985). On January 26, 1986, certiorari review was denied. Mr. Saenz filed four postconviction motions, each of which was denied.

This is the third habeas corpus action that Mr. Saenz has filed attacking his conviction in Denver District Court case number 83CR1095. *See Saenz v. Diesslin*, No. 94-cv-00371-JLK-RMB (D. Colo. Mar. 29, 1995), *aff'd*, No. 95-1142 (10th Cir. July 19, 1995), *cert. denied*, No. 95-5569 (Oct. 16, 1995); *see also Saenz v. Neet*, No. 97-cv-00504-EWN-RMB (D. Colo. Dec. 22, 1998), *aff'd*, No. 00-1347 (10th Cir. Oct. 31, 2000). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 94-cv-00371-JLK-RMB, Mr. Saenz asserted four claims for relief: (1) insufficiency of the evidence, (2) denial of counsel of his choice, (3) newly discovered evidence, and (4) ineffective assistance of counsel. On March 29, 1995, the Court

2

rejected the recommendation of former Magistrate Judge Richard M. Borchers that relief be granted on Mr. Saenz's second claim, and denied the habeas corpus application on the merits. On July 19, 1995, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed for substantially the reasons stated in the March 29, 1995, order.

In No. 97-cv-00504-EWN-RMB, Mr. Saenz asserted that his trial attorney rendered ineffective assistance because he failed (1) to investigate the case adequately and to cross-examine the prosecution witnesses, (2) to request instructions on lesser-included offenses, (3) to file a motion to suppress evidence, and (4) to call several witnesses. On May 23, 1997, former Magistrate Judge Borchers recommended that the application be transferred to the Tenth Circuit as successive to the application filed in No. 94-cv-00371-JLK-RMB. On December 22, 1998, the Court accepted the recommendation, and transferred the application and the case to the Tenth Circuit, which on October 31, 2000, denied Mr. Saenz permission to file a successive application in this Court.

In this action, Mr. Saenz again challenges the validity of the state court conviction he challenged in Nos. 94-cv-00371-JLK-RMB and 97-cv-00504-EWN-RMB. Therefore, the instant application is a second or successive application. Mr. Saenz asserts three claims that: (1) counsel was ineffective at postconviction proceedings, (2) appellate counsel was ineffective in failing to appeal the ineffective-assistance-of-counsel claim, and (3) the trial court erred in failing to advise him of his right to consular notification and access under Article 36(1)(b) of the Vienna Convention.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Saenz must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive application. Mr.

3

Saenz fails to allege whether he obtained the necessary authorization from the Tenth Circuit for this Court to consider the application. *See* application at 7, ¶ 3.

The Court must exercise its discretion to determine whether or not it is in the interests of justice to transfer this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631 or instead to dismiss the unauthorized, successive application without prejudice for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam).  Where there is no risk that a meritorious successive claim will be lost absent a transfer pursuant to § 1631, this Court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to the Tenth Circuit for authorization. *See Cline* at 1252.

Factors to consider in deciding whether a transfer is in the best interests of justice include:  (1) whether the claims would be time-barred if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked the requisite jurisdiction. *Id.* at 1251.  For the reasons discussed below, the instant action will not be transferred to the Tenth Circuit so that Mr. Saenz may obtain the necessary authorization for this Court to consider his second or successive application.

Respondents contend that the action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became
final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)  the date on which the impediment to filing
an application created by State action in
violation of the Constitution or laws of the United
States is removed, if the applicant was
prevented from filing by such State action;

(C)  the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D)  the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2)  The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run.

Although Mr. Saenz did not file a petition for writ of certiorari in the United States

Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court

denied certiorari review on January 27, 1986, to do so. *See* Sup. Ct. R. 13. Therefore,

figuring from January 28, 1986, the day after the Colorado Supreme Court denied his

certiorari petition, Mr. Saenz's conviction became final on April 27, 1986, when the time

for seeking review in the United States Supreme Court expired. ***See Rhine v. Boone***,

182 F.3d 1153, 1155 (10th Cir. 1999).  However, because April 27, 1986, fell on a

Sunday, the time for filing a certiorari petition in the United States Supreme Court was extended until Monday, April 28, 1986.

Mr. Saenz's conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. Therefore, the limitation period began to run on April 24, 1996. In the absence of any reason to toll the limitation period, Mr. Saenz should have initiated this action by April 24, 1997, one year after the statute's effective date. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 & n.4 (10th Cir. 2003). The instant application was submitted to the Court on August 11, 2009, and filed on August 17, 2009. Mr. Saenz does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his convictions at the time his direct appeal became final. Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Mr. Saenz's appeal from the denial of his second postconviction motion, filed on August 10, 1995, was pending until May 16, 1996, when the Colorado Court of Appeals affirmed the denial. *See People v. Saenz*, 95CA1615 (Colo. Ct. App. May 16, 1996). Certiorari review was denied on December 16, 1996. Therefore, the one-year limitation period was tolled from April 24, 1996, when it began to run, until December 16, 1996, when the Colorado Supreme Court denied certiorari review. Mr. Saenz did not file his third postconviction motion until November 22, 2000, 1,437 days, or almost four years,

6

later. As a result, the Court finds that Mr. Saenz's application, submitted to the Court on August 11, 2009, is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Saenz bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Saenz fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Saenz fails to demonstrate that equitable tolling is appropriate, and that the instant application is time-barred. In the interests of justice, the instant unauthorized, successive application will not be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 but instead will be dismissed without prejudice for lack of jurisdiction. Because the Court will dismiss the action for lack of jurisdiction, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the instant unauthorized, successive application is denied and the

7

action is dismissed without prejudice for lack of jurisdiction.

DATED at Denver, Colorado, this _23_ day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01949-BNB

Horacio Arraz Saenz
Prisoner No.  51036
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 11 24 09


                                         GREGORY C. LANGHAM, CLERK


                                    By: _____
                                                    Deputy Clerk